JACKSON v. NEW YORK POST-GRADUATE MEDICAL SCHOOL AND HOSPITAL.

(City Court of New York, General Term.   April 14, 1893.)

DISCHARGE OF SERVANT.

One employed for a definite period cannot be discharged through mere caprice, but only on fair and just grounds.

Appeal from trial term.

Action by Louis A. Jackson against the New York Post-Graduate Medical School and Hospital to recover damages for wrongful discharge from defendant's service.   Judgment for plaintiff.   Defendant appeals.   Affirmed.

Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

James L. Skillen, for appellant.
James K. Averill, for respondent.

FITZSIMONS, J.   The plaintiff was employed under a written contract, by defendant, to secure and obtain contracts for advertising in two certain publications issued by defendant.   The compensation for such services was fixed at 50 per cent. of the gross sum received from such advertisements.   The term of employment was five years.   The plaintiff received his compensation for the first year's work.   The defendant refused to permit him to render it further services under said agreement, and dismissed him, for alleged misconduct.   This action is brought to recover damages; the sum claimed being the amount that plaintiff claimed he could have earned during the second year, if he had been permitted to continue his work. The law applicable to this case is well settled.   The plaintiff was bound to carefully protect the defendant's interests, and if, with bad motive, or carelessly or thoughtlessly, he did that which was likely to substantially injure the defendant, his discharge was justifiable.   But defendant could not, through mere caprice, discharge him.   That only may be done because fair and just reasons existed therefor.   The defendant charged the plaintiff with many delinquencies.   Many of them were denied, and those remaining were explained by plaintiff, and apparently his explanation of the latter was accepted by the jury, as were also his denials of the others, and they believed that no just cause existed, entitling defendant to discharge him; and certainly there is more than enough testimony in the case to justify their finding, and therefore the only remaining issue to be disposed of was the amount of damages due defendant by such wrongful discharge, which they fixed at $1,200. We find no error, and the judgment must be affirmed, with costs. All concur.